HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
ZACHARY WILLIAM HICKS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY WILLIAM HICKS,<br><br>Defendant. | No. 2:16-cr-00246 GEB<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |

Defendant, ZACHARY WILLIAM HICKS, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:[1]

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

/ / /

---

[1] Defendant's counsel enters into this stipulation after having examined the pertinent documents including the presentence report, statement of reasons, and judgment and commitment. Defendant's projected release date is March 16, 2024.

Stipulation and Order Re: Sentence Reduction         1

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023), 88 Fed. Reg. 60534;

3. On April 6, 2018, this Court sentenced Mr. Hicks to a term of 100 months imprisonment;

4. Mr. Hicks's total offense level was 25. He received 8 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d), for a total criminal history score of 10, which placed him in criminal history category V. The resulting advisory guideline range was 100 to 125 months;

5. The sentencing range applicable to Mr. Hicks was subsequently lowered by the status-point provision;

6. Mr. Hicks is eligible for a reduction in sentence, which reduces his criminal history score to 9, lowering his criminal history category from V to IV, resulting in an amended advisory guideline range of 84 to 105 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Hicks's term of imprisonment to 84 months. If the amount of time served as of the effective date of the Court's order exceeds 84 months, the sentence is instead reduced to a sentence of time served, in which case, the order may be stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of

---

[2] The parties' individual statements appearing in Paragraphs 8 and 9 are not part of the parties' stipulation. The defendant added his statement on March 4, 2024, and the government has not had an opportunity to determine whether the defendant's representations can be verified. The government enters this into this stipulation without consideration of the defendant's representations in Paragraph 9.

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"); government's sentencing memorandum, ECF No. 51; defendant's opposition to the government's sentencing memorandum, ECF No. 52; Statement of Reasons ("SOR"); Judgment, ECF No. 56; defendant's Bureau of Prisons ("BOP") disciplinary history, and after consultation with the prosecuting Assistant United States Attorney.

According to the PSR, which was adopted by the Court without change, the defendant was brought to the attention of the Yolo Narcotic Enforcement Team when it received information that the defendant was involved in the sale of methamphetamine in Yolo County.  PSR ¶ 9.  Defendant was on active Post-Release Community Supervision (PRCS) in Yolo County and reported a home address in Woodland, California.  PSR ¶ 9.  After conducting surveillance, agents learned the defendant was staying at an extended stay hotel in Sacramento to avoid being detected by probation officers.  PSR ¶¶ 9-10. Officers conducted a probation search of the hotel room and found 12 firearms inside the defendant's hotel room, which are the basis for the instant offense.  PSR ¶¶ 14, 27.

The defendant entered an open plea on December 1, 2016.  ECF No. 45; PSR ¶ 2.  At sentencing, the PSR recommended a sentence at the low end of the applicable guideline range.  The government argued for a term of imprisonment at the high end of the applicable guideline range.  The government contended a low-end sentence, as recommend in the PSR, did not adequately account for the defendant's offense conduct, which included the trafficking of firearms even if the evidence did not satisfy the technical requirements for an enhancement for trafficking firearms under the Sentencing Guidelines; the defendant's high criminal history category; and the fact that the defendant committed the charged offense while on probation from a previous offense.  The Court imposed a sentence at the low end of the appliable range, a sentence of 100 months in prison.

According to BOP records dated February 28, 2024, the defendant sustained the following incidents during his time in custody: (1) Possession of a hazardous tool (classified as a 108 level offense) based on an incident occurring on July 26, 2023; (2) phone abuse – disrupt

monitoring (classified as a 297 level offense) and possessing an unauthorized item (classified as a 305 level offense) with an incident date of July 26, 2023; (3) Possessing drugs/alcohol (classified as a 113 level offense) with an incident date of December 25, 2018; and (4) Destroy Property $100 or less (classified as a 329 level offense) with an incident date of December 26, 2018.[3]

The defendant is currently located at Sacramento RRM with a projected release date of March 15, 2024. *See* Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc/ (last visited Feb. 28, 2024).

9. <u>Defendant's statement regarding his stipulation</u>: While incarcerated at Victorville FCI, Mr. Hicks worked in the kitchen during the COVID-19 pandemic from 5:00 a.m. to 5:00 p.m., as part of a single crew in a shift that was normally covered by three crews. Since arriving at the regional reentry center in March of 2023, he has maintained gainful employment. He initially worked as a driver for Bay Wheels, swapping out batteries for bicycles and scooters. For the past 7 months, he's been a driver for Area Distribution, a paper distribution company. He has numerous job skills, including stalling and removing insulation, shipping and receiving, loading and off-loading trucks, routing delivery trucks for most fuel-efficient trips. He is certified by the Department of Transportation to operate a forklift. Among his recent achievements: (1) maintaining sobriety while at the halfway house; (2) maintaining employment and saving money to facilitate reentry; (3) finding fellowship at Church on the Rock in Woodland, California, and volunteering there on many occasions; (4) enrolling in the Next-Step Education Program to help manage and further his education, and taking classes at Coast Line

/ / /

/ / /

/ / /

---

[3] The Bureau of Prisons classifies prohibited inmate acts from level 100 offenses (most serious) to level 400 offenses (less serious). *See* U.S. Department of Justice Federal Bureau of Prisons, Program Statement, Inmate Discipline Program at p. 44 *available at* www.bop.gov/policy/progstat/5270_009.pdf (describing prohibited acts included in each classification category).

College; (5) working with a sponsor in Narcotics Anonymous and continuing to work the steps. On release, he plans to live with his mother and her husband in Woodland, California.

Respectfully submitted,

Dated:  March 4, 2024                                    Dated:   March 4, 2024

PHILLIP A. TALBERT                                       HEATHER E. WILLIAMS
United States Attorney                                   Federal Defender


 /s/ *Shelley D. Weger*                                   /s/ *David M. Porter*
SHELLEY D. WEGER                                         DAVID M. PORTER
Assistant U.S. Attorney                                  Assistant Federal Defender

Attorney for Plaintiff                                   Attorney for Defendant
UNITED STATES OF AMERICA                                 ZACHARY WILLIAM HICKS

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Hicks is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history category from V to IV, resulting in an amended guideline range of 84 to 105 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in April 2018 is reduced to a term of 84 months. If the amount of time served as of the effective date of the Court's order exceeds 84 months, the sentence is instead reduced to a sentence of time served, in which case, the order is stayed for up to ten (10) days to allow the Bureau of Prisons to perform its statutory duties and release planning.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence.

Unless otherwise ordered, Mr. Hicks shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated: **March 4, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE